Kwongk Choi CHEONG, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–71855.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2005.

Decided Aug. 4, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

William Kiang, San Gabriel, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Efthimia S. Pilitsis, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, RYMER and FISHER, Circuit Judges.

### MEMORANDUM *

Petitioner Kwongk Choi Cheong and his wife Xi Lain Chen (citizens of China) and their three children (citizens of Panama) appeal the decision of the Bureau of Immigration Appeals, finding the family barred from seeking asylum in the United States because they had firmly resettled in Panama.

We grant the petition because the BIA improperly applied the *Cheo* presumption of resettlement in this case. "An alien is considered to be firmly resettled if, prior to arrival in the United States, he or she entered into another country with, or while in that country received, an offer of permanent resident status, citizenship, or some other type of permanent resettlement...." 8 C.F.R. § 208.15. Firm resettlement precludes a grant of asylum. 8 U.S.C. § 1158(b)(2)(A)(vi).

A petitioner living undisturbed in a third country for a sufficient period of time gives rise to a rebuttable presumption that he or she is firmly resettled in that third country. *See Cheo v. INS*, 162 F.3d 1227 (9th Cir.1998). In *Ali v. Ash-*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*croft,* 394 F.3d 780 (9th Cir.2005), however, we explained "that the plain language and structure of the regulation require that an asylum applicant be offered permanent resident status or its equivalent by the country of first asylum to be considered firmly resettled." *Id.* at 789–90. As to the *Cheo* presumption, we emphasized that the presumption arises only where there is "no direct evidence one way or the other as to whether the [asylum applicants] have or had the right of permanent resettlement in their country of first asylum." *Id.* at 790 (internal citations and quotations omitted) (holding that because of the petitioner's credible testimony, she never had a right to remain in the third country permanently and the presumption did not apply). Here, the BIA applied the *Cheo* presumption because the petitioners had spent nine years in Panama. However, Cheong presented credible evidence that they were never offered permanent resident status. Under *Ali,* the *Cheo* presumption therefore does not apply.

According to Cheong, whose testimony the Immigration Judge found credible, he and Chen entered Panama separately in the early 1980's on visitors' visas purchased in China. AR 3. Their visas were good for only three months, but they extended them numerous times and never applied for citizenship or asylum. AR 450–51. They were never offered permanent resident status. AR 46. Cheong never paid taxes or voted in Panama, and he paid somebody for a license to operate his business. AR 449. Cheong held a Panamanian passport and voting card, which he had purchased. AR 46. In December 1989, the United States conducted "Operation Just Cause" in Panama to oust then-President Manual Noriega. The peti-

tioners' business was destroyed as a result of looting in connection with the military action. The petitioners left Panama and returned to China. A few months later they returned to Panama because the Chinese government ordered Cheong to be sterilized. Upon their return to Panama from China, the family heard that the Panamanian government no longer recognized any actions of the Noriega regime. AR 3. The Panamanian immigration authorities had no evidence of the family's previous arrivals or departure, and the family, therefore, had no status. AR 4. The government threatened to deport Chinese residents who did not obtain legal status. AR 47.

Cheong has demonstrated that he and his family were never offered firm resettlement in Panama and had no legal status there. Thus, his asylum claim is not barred by a finding of permanent resettlement. *Ali,* 394 F.3d at 790–791.

Cheong also has demonstrated that the petitioners are eligible for asylum. A petitioner may establish his or her eligibility for asylum as a refugee by showing persecution or a well-founded fear of persecution on account of political opinion. 8 U.S.C. § 1101(a)(42)(B). Under the statute, a person who has a well-founded fear that he or she will be forced to undergo an abortion or involuntary sterilization or will be "subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion."[1] *Id.*

Here, the IJ explicitly determined, based on country reports and the petitioners' credible testimony, that petitioners had "established that it is more likely than not that they would be subjected to perse-

---

1. The statute, in describing the basis for a persecution claim, does not distinguish between an actual abortion or sterilization and a threatened abortion or sterilization, contrary to the dissent's suggestion otherwise.

cution in the form of forced sterilization if returned to China" and thus found them eligible for withholding of removal to China.[2] AR 50. Accordingly, the petitioners would necessarily be able to satisfy the lower threshold for demonstrating persecution required to receive asylum. *See Ge v. Ashcroft*, 367 F.3d 1121 (noting that the requirements for establishing withholding of removal are more stringent than for establishing asylum); *Zi Lin Chen v. Ashcroft*, 362 F.3d 611, 623 (9th Cir.2004) (remanding where IJ *failed* to make a determination as to whether petitioner had a well-founded fear of forcible abortion, sterilization or other persecution). Having concluded that Cheong has established that he and his family are eligible for asylum, we remand the case to the BIA for its exercise of discretion.

**PETITION GRANTED.**

RYMER, Circuit Judge, concurring in part and dissenting in part.

I am constrained to agree that *Ali v. Ashcroft*, 394 F.3d 780 (9th Cir.2005), controls, but write separately to note that the result is compels in this case--and thus, *Ali* itself--can't be right given the Cheongs' *nine-year* settlement in Panama. They owned and operated a business in Panama. They have three Panamanian-citizen children. Relatives still live in Panama undisturbed. The Cheongs themselves returned to Panama after their brief sojourn in China and at least Mrs. Cheong and the rest of the family lived there without incident for a year. To be required to hold in light of all this that the Cheongs were not firmly resettled in Panama defies common sense and *Cheo v. INS*, 162 F.3d 1227 (9th

Cir.1998), which *Ali* effectively wrote off the books.

Beyond this, I would remand for the BIA to determine eligibility for asylum. The BIA did not review the immigration judge's decision to withhold removal and should have opportunity under *INS v. Ventura*, 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). I disagree that *Ge v. Ashcroft*, 367 F.3d 1121 (9th Cir. 2004), allows us to decide that the Cheongs established past persecution and eligibility whereas this case involves threatened sterilization and other penalties.

---

**2.** The dissent notes that the BIA did not review the IJ's decision to withhold removal "and should have the opportunity to do so." The BIA did not consider the withholding issue when this case was last before it, and

the record does not indicate that the government appealed the IJ's decision to grant withholding.

